COBB & WOOD
*vs.*
WAGGONER.

---

· Case 14.

MOTION.

## Cobb & Wood *vs.* Waggoner.

### APPEAL FROM HART CIRCUIT.

When an appeal is prayed from a judgment of the circuit court when rendered, and the record is filed on or before the first day of the second succeeding term of the court of appeals, no process is necessary. The appellee is bound to take notice of the filing of the record, though the ninety days may have elapsed and no supersedeas bond was given.

[The facts of the case are stated in the opinion of the court.—REP.]

J. *Speed* for the motion—

December 23.

Judge SIMPSON delivered the opinion of the court:

When an appeal is prayed from a judgm't

The only question that arises on this motion is, whether the appellee must be summoned, either actually or constructively, to appear and answer the

appeal, where it has been granted by the court rendering the judgment or order, or whether it is only necessary that he shall be so summoned where the appeal has been granted by the clerk of this court.

Under the provisions of the 878th section of the Civil Code, the appellee must be regarded as being in court, on the appeal, where it has been granted by the court rendering the judgment or order, whether the appellant has executed a supersedeas bond before the clerk of such court or not, and therefore it is not required that the appellee shall be summoned in such cases to appear and answer the appeal.

If, however, where the appeal is granted by the court rendering the judgment, the appellant does not file in the clerk's office of this court, an authenticated copy of the record, on or before the first day of the second term of this court, after the appeal was granted, it cannot be subsequently prosecuted, but must be dismissed. An appeal, however, can then be granted by the clerk of this court, but on such appeal, the appellee must be summoned to appear.

In this case the appeal was granted by the court below, and the appellant filed a copy of the record with the clerk of this court, before the first day of its second term, after the appeal was granted. Ninety days had elapsed after the appeal was granted, before the record was filed, but this court had the power to extend the time allowed for filing it until the first day of the second term after the appeal was granted, and as the appellee must be regarded as being in court until that time arrives, and the cause was heard without objection, the power of the court to extend the time to file the record, must be deemed to have been exercised in favor of the appellant.

Wherefore, the motion to set aside the judgment is overruled.